IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ZILINSKY, et al.,

    Plaintiffs,

v.                                Civil Action 2:20-cv-6229
                                   Judge Michael H. Watson
                                   Magistrate Judge Jolson

LEAFFILTER NORTH, LLC,

    Defendant.

## MEMORANDUM OF FIRST PRETRIAL CONFERENCE

This matter came before the Court on April 13, 2021 at 10:30 a.m. at the First Pretrial Conference pursuant to notice and in accordance with Rule 16 of the Federal Rules of Civil Procedure.  Counsel appeared as follows:

For Plaintiffs:

Todd Naylor and Brian Warwick

For Defendant:

Gregory Phillips,  Suzanne Alton de Eraso, and Trevor Covey

    The following matters were considered:

PENDING MOTIONS

Defendant filed a Motion to Dismiss (Doc. 6) Plaintiffs' original complaint (Doc. 1), but that document has been superseded by Plaintiffs' First Amended Complaint, which was filed on April 1, 2021 (Doc. 19).  Defendant presently anticipates filing a motion to dismiss in response to Plaintiffs' First Amended Complaint.

ISSUES

This is an action brought by Plaintiffs individually and on behalf of a putative class of other purchasers of Defendant's products.  Defendant is the distributor of an allegedly defective gutter

protection system known as LeafFilter, which is designed, marketed, and sold as a low to no maintenance alternative to traditional gutter cleaning devices and systems.  Plaintiffs allege that the LeafFilter possesses a latent defect that prevents substantial amounts of rainwater from passing through the LeafFilter system and instead causes (1) rainwater to flow over the top of the LeafFilter system and gutters; and (2) debris to accumulate on top of the LeafFilter system that must be cleaned off by the homeowner. Defendant denies each and every one of Plaintiffs' claims in the entirety and also denies that the case is suitable for class treatment.

Causes of Action

    A. Claims brought on behalf of the Ohio Subclass

        Count I- Violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code.  §§ 1345.01 et seq

The claim alleges that Defendant fails to disclose and actively conceals the defect in the LeafFilter system by misrepresenting that the rainwater would run directly through the LeafFilter Product without overflow, which Plaintiffs allege is a deceptive business practice prohibited by the CSPA. Additionally, Plaintiffs and the putative class allege that Defendant committed an unconscionable act or practice in connection with the sales of the LeafFilter under the CSPA because Defendant represented that the LeafFilter "allows as much water as an open gutter," that rainwater would flow directly through the LeafFilter product without overflow, and that debris would not accumulate on top of the LeafFilter system.

        Count II- Breach of Implied Warranty in Tort

The claim alleges that Defendant's LeafFilter system contains a latent defect that causes water to routinely run over the top of the LeafFilter system and outside of the gutter altogether, and debris to accumulate on top of the LeafFilter system, which defeats the intended and marketed purpose of the LeafFilter system.

    B. Claims brought on behalf of the Illinois Subclass

        Count III- Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq.)

The claim alleges Defendant violated the ICFA by omitting and concealing (1) that the LeafFilter system reduces the ability of rainwater to pass into gutters, thereby causing water to pass over the gutters, and (2) that the LeafFilter system permits debris to accumulate.

    C. Claims brought on behalf of the Maryland Subclass

        Count IV- Violations of the Maryland Consumer Protection Act (Md. Code Com. Law § 13-101, et seq.)

The claim alleges Defendant violated the Maryland CPA by concealing the defects in the LeafFilter system, which Plaintiffs assert is a deceptive business practice. Plaintiffs also allege Defendant engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the LeafFilter system.

    D.  Claims brought on behalf of the New Jersey Subclass

        Count V- Violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

This claim alleges Defendant violated the New Jersey CFA by concealing the material fact that the LeafFilter system was defective and engaged in unconscionable commercial practices in failing to disclose material information about the LeafFilter system.

    E.  Claims brought on behalf of the Pennsylvania Subclass

        Count VI- Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1, et seq)

This claim alleges Defendant (a) engaged in unconscionable commercial practices in failing to reveal material facts and information about the LeafFilter system; (b) failed to reveal facts that were material to the transactions in light of the representations of fact made in a positive manner; (c) caused Plaintiffs to suffer a probability of confusion; (d) failed to reveal material facts regarding LeafFilter; and (e) made material representations, all of which Plaintiffs allege were unfair and deceptive trade practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

    F.  Claims brought on behalf of the Washington Subclass

        Count VII- Violations of the Washington Consumer Protection Act (Wash. Rev. Code Ann. §§ 19.86.010, et seq)

This claim alleges that Defendant's conduct is an unfair and deceptive practice within the meaning of the WCPA by failing to reveal material facts and information about the LeafFilter system, and that Defendant allegedly failed to reveal facts that were material to the transaction and made material misrepresentations and statements of fact regarding the LeafFilter system, which are unlawful acts and practices under the WCPA.

    G.  Claims brought on behalf of the Nationwide Class

        Count VIII- Fraud and Fraudulent Concealment

This claim alleges Defendant knew of an alleged defect in its LeafFilter system but continued to represent that it was of the highest quality and was suitable for its ordinary use without disclosing an alleged defect to the Class.

Count IX- Unjust Enrichment

This claim alleges Plaintiffs and the Class paid substantial money for the LeafFilter system, that Defendant provided an allegedly defective LeafFilter system, and that Defendant retained those monies to the detriment of Plaintiff and Class members.

DISCOVERY PROCEDURES

The parties disagreed significantly on how discovery in this matter should proceed. As discussed, the parties shall try to formulate a plan at least in the near term to move this case along and keep costs down. A revised 26(f) report is due on **April 20, 2021**.

IT IS SO ORDERED.

Date:  April 13, 2021                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE