IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ZILINSKY, et al.,

        **Plaintiffs,**

  v.                             Civil Action 2:20-cv-6229
                                    Judge Michael H. Watson
                                    Magistrate Judge Jolson

LEAFFILTER NORTH, LLC,

        **Defendant.**

## SCHEDULING ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by May 7, 2021.

VENUE AND JURISDICTION

There are no contested issues related to venue or jurisdiction at this time.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by June 21, 2021.

The parties agree that the motion for class certification shall be filed by February 21, 2022.

PENDING MOTIONS

Defendant filed a Motion to Dismiss (Doc. 6) Plaintiffs' original complaint (Doc. 1), but that document has been superseded by Plaintiffs' First Amended Complaint, which was filed on April 1, 2021 (Doc. 19). Defendant presently anticipates filing a motion to dismiss in response to Plaintiffs' First Amended Complaint by April 29, 2021.

<u>ISSUES</u>

This is an action brought by Plaintiffs individually and on behalf of a putative class of other purchasers of Defendant's products. Defendant is the distributor of an allegedly defective gutter protection system known as LeafFilter, which is designed, marketed, and sold as a low to no maintenance alternative to traditional gutter cleaning devices and systems. Plaintiffs allege that the LeafFilter possesses a latent defect that prevents substantial amounts of rainwater from passing through the LeafFilter system and instead causes (1) rainwater to flow over the top of the LeafFilter system and gutters; and (2) debris to accumulate on top of the LeafFilter system that must be cleaned off by the homeowner. Defendant denies each and every one of Plaintiffs' claims in the entirety and also denies that the case is suitable for class treatment.

Causes of Action

    A. Claims brought on behalf of the Ohio Subclass

        Count I- Violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code. §§ 1345.01 et seq

The claim alleges that Defendant fails to disclose and actively conceals the defect in the LeafFilter system by misrepresenting that the rainwater would run directly through the LeafFilter Product without overflow, which Plaintiffs allege is a deceptive business practice prohibited by the CSPA. Additionally, Plaintiffs and the putative class allege that Defendant committed an unconscionable act or practice in connection with the sales of the LeafFilter under the CSPA because Defendant represented that the LeafFilter "allows as much water as an open gutter," that rainwater would flow directly through the LeafFilter product without overflow, and that debris would not accumulate on top of the LeafFilter system.

        Count II- Breach of Implied Warranty in Tort

The claim alleges that Defendant's LeafFilter system contains a latent defect that causes water to routinely run over the top of the LeafFilter system and outside of the gutter altogether, and debris to accumulate on top of the LeafFilter system, which defeats the intended and marketed purpose of the LeafFilter system.

    B. Claims brought on behalf of the Illinois Subclass

        Count III- Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq.)

The claim alleges Defendant violated the ICFA by omitting and concealing (1) that the LeafFilter system reduces the ability of rainwater to pass into gutters, thereby causing water to pass over the gutters, and (2) that the LeafFilter system permits debris to accumulate.

    C. Claims brought on behalf of the Maryland Subclass

    Count IV- Violations of the Maryland Consumer Protection Act (Md. Code Com. Law § 13-101, et seq.)

The claim alleges Defendant violated the Maryland CPA by concealing the defects in the LeafFilter system, which Plaintiffs assert is a deceptive business practice. Plaintiffs also allege Defendant engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the LeafFilter system.

  D. Claims brought on behalf of the New Jersey Subclass

    Count V- Violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

This claim alleges Defendant violated the New Jersey CFA by concealing the material fact that the LeafFilter system was defective and engaged in unconscionable commercial practices in failing to disclose material information about the LeafFilter system.

  E. Claims brought on behalf of the Pennsylvania Subclass

    Count VI- Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1, et seq)

This claim alleges Defendant (a) engaged in unconscionable commercial practices in failing to reveal material facts and information about the LeafFilter system; (b) failed to reveal facts that were material to the transactions in light of the representations of fact made in a positive manner; (c) caused Plaintiffs to suffer a probability of confusion; (d) failed to reveal material facts regarding LeafFilter; and (e) made material representations, all of which Plaintiffs allege were unfair and deceptive trade practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

  F. Claims brought on behalf of the Washington Subclass

    Count VII- Violations of the Washington Consumer Protection Act (Wash. Rev. Code Ann. §§ 19.86.010, et seq)

This claim alleges that Defendant's conduct is an unfair and deceptive practice within the meaning of the WCPA by failing to reveal material facts and information about the LeafFilter system, and that Defendant allegedly failed to reveal facts that were material to the transaction and made material misrepresentations and statements of fact regarding the LeafFilter system, which are unlawful acts and practices under the WCPA.

  G. Claims brought on behalf of the Nationwide Class

    Count VIII- Fraud and Fraudulent Concealment

This claim alleges Defendant knew of an alleged defect in its LeafFilter system but continued to represent that it was of the highest quality and was suitable for its ordinary use without disclosing an alleged defect to the Class.

      Count IX- Unjust Enrichment

This claim alleges Plaintiffs and the Class paid substantial money for the LeafFilter system, that Defendant provided an allegedly defective LeafFilter system, and that Defendant retained those monies to the detriment of Plaintiff and Class members.

DISCOVERY PROCEDURES

For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

    A.  Initial Discovery Focused on Class Certification

While discovery should not be formally bifurcated, Plaintiffs will focus their initial discovery on the information they need for class certification.  For example, interrogatories can be used to obtain general information on sales data, and requests for production can seek copies of the different sales or marketing documents (if any variations exist) used for each class or subclass.  Similar requests will be made for any product variations during the class period.  Thereafter, additional requests can be used to narrow these issues further.

    B.  Early Depositions

Consistent with Rule 26 Disclosure requirements and through written discovery, Plaintiffs will request that Defendant provide the names of employees that can provide information that may be relevant to class certification.  Areas such as product development, marketing, consumer complaints, etc. should be identified so that early depositions can be taken to identify location of specific documents related to class certification.

    C.  Class Certification Expert Testimony

Although both parties are likely to have experts on the merits issue of whether the product at issue is defective, those same experts often issue a separate report regarding whether that issue can be decided on common evidence.  Plaintiffs also anticipate expert testimony on a damages model that can be based on common evidence.  Defendant anticipates introducing expert testimony on these issues, among others.  The parties, therefore, propose the expert schedule set forth below in this Report.

    D. Class Certification Briefing Schedule

1. Plaintiff's Motion for Class Certification – February 21, 2022
2. Defendant's Opposition to Class Certification – April 8, 2022
3. Plaintiff's Reply Brief in Support of Class Certification – April 29, 2022

    E. Amended Report Post Ruling on Class Certification

After the Court has ruled on Class Certification and after any Rule 23(f) appeal has been concluded, the parties will issue a Joint Report on additional discovery necessary for trial and Dispositive Motion deadlines.

DISPOSITIVE MOTIONS

The dispositive motion deadline will be set immediately after class certification has been addressed and the parties know the amount of merits discovery remaining.

EXPERT TESTIMONY

    A. Class Related Experts

Plaintiffs' expert reports must be produced by November 30, 2021.
Defendant's expert reports must be produced by January 30, 2022.

    B. Merits Related Expert

The parties will file a new status report and schedule for merits experts after the Court's Class Certification Ruling.

If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by February 1, 2022. Defendant will respond within 60 days after Plaintiff's demand. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator for a settlement conference in May 2022. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

    IT IS SO ORDERED.

Date:  April 22, 2021                      /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE