Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES ZILINSKY, GERALDINE ZILINSKY, CORY SIMPSON, MEAGAN McGINLEY, SANDRA GARRETTDORSEY, BRIAN DERING, THERESA DERING, ALAN ARMSTRONG, and SANDY ARMSTRONG, individually and on behalf of all others similarly situated,** | ) ) ) ) ) ) ) ) ) ) | **CASE NO. 2:20-cv-6229-MHW-KAJ**<br><br>**JUDGE MICHAEL H. WATSON**<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **LEAFFILTER NORTH, LLC,** | ) ) | |
| **Defendant.** | ) | |

15820578 v1

# TABLE OF CONTENTS

<u>Page</u>

I.   **RECITALS** ...................................................................................................... 1

II.  **DEFINITIONS** ............................................................................................... 3

III. **SETTLEMENT CLASS** .............................................................................. 11

IV. **SETTLEMENT CONSIDERATION** ........................................................ 12

A.  **Benefit 1** ....................................................................................................... 12

B.  **Benefit 2** ....................................................................................................... 12

C.  **Benefit 3** ....................................................................................................... 13

D.  **Benefit 4** ....................................................................................................... 14

E.  **Rules Applicable To The Benefit** ........................................................... 14

V.   **SETTLEMENT ADMINISTRATION** ..................................................... 15

A.  **Costs of Administration and Notice** ....................................................... 15

B.  **Notice Plan and Settlement Website; CAFA Notice** ............................ 15

C.  **Claim Procedure** ........................................................................................ 18

D.  **Claims Processing** ...................................................................................... 18

E.  **Objections** ................................................................................................... 20

F.  **Requests for Exclusion** ............................................................................. 22

VI. **SETTLEMENT APPROVAL PROCESS** ................................................. 23

A.  **Preliminary Approval of Settlement** ...................................................... 23

**B.  Final Order and Judgment** .......................................................................... **24**

**C.  Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Awards** ................................................................................................................ **24**

**VII. RELEASE BY NAMED PLAINTIFFS AND SETTLEMENT CLASS MEMBERS** ....................................................................................................... **25**

**VIII.    MISCELLANEOUS PROVISIONS** ...................................................... **26**

**A.  Best Efforts** ............................................................................................... **26**

**B.  Effect of Exhibits** ...................................................................................... **26**

**C.  Not Evidence** ............................................................................................. **26**

**D.  Entire Agreement** ...................................................................................... **28**

**E.  Arm's-Length Negotiations and Good Faith** ............................................. **28**

**F.  Confirmatory Discovery** ............................................................................ **28**

**G.  Continuing Jurisdiction** ............................................................................. **28**

**H.  Binding Effect of Settlement Agreement** ................................................... **29**

**I.  Governing Law** ........................................................................................... **29**

**J.  Construction of Settlement Agreement Terms** ........................................... **29**

**K.  Confidentiality Agreements** ....................................................................... **30**

**L.  Extensions of Time** .................................................................................... **30**

**M.  Authority to Execute Settlement Agreement** ............................................. **30**

**N.  Further Authority** ....................................................................................... **30**

**O.** **Termination** ...................................................................................................... 31

**P.** **Full and Final Agreement** ..................................................................................... 32

**Q.** **Headings** ............................................................................................................. 33

**R.** **Severability** ........................................................................................................ 33

**S.** **Notices** ............................................................................................................... 33

**T.** **Cost and Expenses.** ............................................................................................. 34

**U.** **Taxes** ................................................................................................................. 34

**V.** **Communications** ................................................................................................. 34

**W.** **Counterparts** ...................................................................................................... 34

## I.  RECITALS

This Class Action Settlement Agreement and Release ("Settlement Agreement"), dated as of the date of the last signature below, is made and entered into pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e) between and among: (1) James Zilinsky, Geraldine Zilinsky, Cory Simpson, Meagan McGinley, Sandra GarrettDorsey, Brian Dering, Theresa Dering, Alan Armstrong, and Sandy Armstrong (collectively, "Named Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined below (the Named Plaintiffs and members of the Settlement Class are collectively referred to as "Settlement Class Members") on the one hand, and (2) Defendant LeafFilter North, LLC ("LeafFilter" or "Defendant"), on the other hand, (collectively with Named Plaintiffs, the "Parties") by and through their undersigned counsel, in order to fully and finally settle and resolve the above-captioned litigation and to effect dismissal with prejudice of all of the Released Claims (defined below) asserted against LeafFilter on the terms set forth herein, subject to the final approval of the Court.  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims.

WHEREAS, Named Plaintiffs initiated the above captioned action on December 3, 2020, and filed a First Amended Class Action Complaint on April 1, 2021;

WHEREAS, Named Plaintiffs generally alleged (among other things) that the LeafFilter Gutter System installed on their homes allowed debris to accumulate on top of the LeafFilter screens that required periodic maintenance;

WHEREAS, LeafFilter filed a Motion to Dismiss the First Amended Complaint on April 29, 2021, which motion remains pending;

WHEREAS, the Parties engaged in substantial fact discovery;

WHEREAS, on March 17, 2022, the Parties conducted a formal private mediation session with Hunter Hughes, Esq. in Atlanta, Georgia, and conducted additional informal mediation sessions with Mr. Hughes, and now wish to fully and finally resolve the Litigation;

WHEREAS, LeafFilter denies all of the allegations in the Litigation, denies that it has engaged in any wrongdoing, denies that Named Plaintiffs' claims are meritorious, and denies that it is legally responsible or liable to Named Plaintiffs or any Settlement Class Member, as defined herein, for any of the matters asserted in this Litigation;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the settlement it represents shall be construed as an admission by LeafFilter of any wrongdoing whatsoever including an admission of a violation of any statute or law, or of liability on the claims or allegations in the Litigation;

WHEREAS, the Parties agree and understand that neither this Settlement Agreement nor the settlement it represents shall be construed or admissible as an admission by LeafFilter in the Litigation or any other proceedings that the Named Plaintiffs' claims, or similar claims, are or would be viable or suitable for class treatment if the Litigation proceeded through both litigation and trial;

WHEREAS, LeafFilter does not believe Named Plaintiffs' claims are meritorious or that certification of any proposed class for trial purposes would be proper under Fed. R. Civ. P. 23 and denied and continues to deny that it is legally responsible to Named Plaintiffs or any member of the Settlement Class for any of the claims or allegations asserted in the Lawsuit, but it has concluded that the Settlement is desirable to avoid the time, expense and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all claims of Named Plaintiffs and members of the Settlement Class (defined below);

WHEREAS, Class Counsel are experienced in this type of class litigation, and therefore recognize the costs and risks of prosecution of this Litigation and believe that it is in the interest of all Settlement Class Members to resolve this Litigation as set forth in this Settlement Agreement;

WHEREAS, the Named Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the risks associated with the continued prosecution of the Litigation and the likelihood of success on the merits of the Litigation and believe that, after considering all of the facts and circumstances, the proposed settlement set forth in this Settlement Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, this Settlement Agreement is the result of significant arm's-length settlement negotiations that have taken place between the Parties, including with the assistance of a neutral and experienced mediator.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties and their counsel, as follows:

## II. DEFINITIONS

### 2.1 "Benefit"

"Benefit" shall mean the consideration available to Settlement Class Members through this settlement, as described in Section IV herein.

### 2.2 "Claim"

A "Claim" is a request for a Benefit under this Settlement Agreement.

### 2.3 "Claim Form"

"Claim Form" refers to a form to be completed by a Settlement Class Member to request a Benefit under this Settlement Agreement, which Claim Form shall be materially in the form of Exhibit C attached hereto.

**2.4 "Claims Period"**

"Claims Period" means the time period during which a Settlement Class Member may submit a Claim Form, which period shall be one hundred and twenty (120) days after the Notice Date.

**2.5 "Class Counsel"**

"Class Counsel" means: (1) Varnell & Warwick, P.A.; and (2) Goldenberg Schneider, LPA, both of which appear on the signature page of this Settlement Agreement.

**2.6 "Class List"**

"Class List" shall mean the complete listing of the names and addresses all persons LeafFilter determines are members of the Settlement Class (defined below) and thereby eligible to receive the Notice. This data shall be run through the National Change of Address database to update addresses before the Notice is sent. A complete electronic copy of the Class List shall be provided to Class Counsel no later than one week after the Notice Date. The Class List shall be treated as Confidential, except that the Class List may be shared with the Settlement Administrator, but only after the Settlement Administrator executes the Acknowledgement of Understanding and Agreement to Be Bound pursuant to the Stipulated Protective Order entered in the Litigation. In advance of the Final Approval Hearing, LeafFilter agrees to move the Court for leave to file the Class List under seal, which motion the Named Plaintiffs and Class Counsel agree not to oppose.

**2.7 "Court"**

"Court" shall mean the United States District Court for the District of Southern District of Ohio, the Honorable Michael H. Watkins presiding, or his duly appointed successor.

**2.8    "Debris Accumulation"**

"Debris Accumulation" shall mean the buildup, collection, or aggregation of organic material (including but not limited to leaves, pine needles, twigs, branches, seeds, and pollen) and/or inorganic material (including but not limited to shingle grit) on top of the LeafFilter Gutter System.

**2.9    "Debris Related Final Issue Code"**

"Debris Related Final Issue Code" shall mean a Final Issue Code of either "Debris on System" or "Debris Behind S/Gs."

**2.10    "Debris Removal Cleaning"**

"Debris Removal Cleaning" shall mean the removal of Debris Accumulation by a person or entity other than the Settlement Class Member.

**2.11    "Effective Date"**

The "Effective Date" of this Settlement Agreement means the date when all of the following conditions have occurred: (1) this Settlement Agreement has been fully executed by the Parties and their counsel; (2) orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Settlement Agreement and approving the form of Notice, CAFA Notice, and Claim Form, all as provided herein; (3) the Court-approved Notice and the Settlement Website have been duly created and/or disseminated as ordered by the Court; (4) the Court has entered a Final Order and Judgment (as defined below) finally approving this Settlement Agreement as provided below; and (5) the Final Order and Judgment has become Final, as defined immediately below, and no longer subject to any review or appeal.

**2.12 "Final"**

"Final" when referring to a judgment or order means that: (1) the judgment is a final appealable judgment; and (2) either: (a) no appeal has been taken from the judgment relating to the merits of the settlement (as opposed to any appeals relating solely to the Class Counsel Fees and Expenses Award, which will not affect finality as defined herein) as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment relating to the merits of the settlement having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc,* petitions for *writ of certiorari,* the appeal is voluntarily withdrawn, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

**2.13 "Final Approval Hearing"**

"Final Approval Hearing" shall mean the final hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether the settlement should be finally approved by the Court, such Final Approval Hearing to be no earlier than ninety (90) days after the Notice Date, subject to the approval of the Court.

**2.14 "Final Issue Code"**

"Final Issue Code" shall mean the final code that, after a request for service from a customer, LeafFilter used in its customer database to categorize the issue that prompted the customer's request.

**2.15 "Final Order and Judgment"**

"Final Order and Judgment" shall mean the Court order that finally approves this Settlement Agreement, finally certifies the Settlement Class, enters an order on Class Counsel's

petition for attorneys' fees and expenses and the Service Awards (as detailed herein), and enters judgment and closes the case.

**2.16 "LeafFilter"**

"LeafFilter" shall mean LeafFilter North, LLC, and its predecessors, successors, affiliates, subsidiaries, parent, assigns, directors, officers, agents, dealers, suppliers, attorneys, representatives, and employees.

**2.17 "LeafFilter's Counsel"**

"LeafFilter's Counsel" shall mean Gregory J. Phillips, Trevor G. Covey, Michael J. Meyer, and Michael B. Silverstein of BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP.

**2.18 "Litigation"**

"Litigation" shall mean all proceedings associated with Named Plaintiffs' original and First Amended Class Action Complaints, allegations, and claims on behalf of themselves and others similarly situated against LeafFilter North, LLC in CASE NO. 2:20-cv-6229-MHW-KAJ, in the Southern District of Ohio.

**2.19 "Named Plaintiffs"**

"Named Plaintiffs" shall mean Plaintiffs James Zilinsky, Geraldine Zilinsky, Cory Simpson, Meagan McGinley, Sandra GarrettDorsey, Brian Dering, Theresa Dering, Alan Armstrong, and Sandy Armstrong.

**2.20 "Notice"**

"Notice" shall mean the Court-approved form of notice of the settlement provided to the persons on the Class List, by first class mail, postage prepaid, and by email if email addresses are available and requisite consent has been obtained, which shall be without material alteration from

Exhibit B attached hereto.  There shall be no Notices provided that are not expressly authorized by this Settlement Agreement.

**2.21    "Notice Date"**

"Notice Date" means the date by which the Settlement Administrator completes the mailing of a copy of the Notice by first class mail, postage prepaid, and by email as appropriate, to each person on the Class List after first running the addresses on the Class List through the National Change of Address database.  The Notice Date shall be no later than sixty (60) days after the Court enters the Preliminary Approval Order, defined herein, or such earlier practicable date.

**2.22    "Opt-Outs"**

"Opt-Outs" mean Settlement Class Members who opt-out of this settlement pursuant to Section V.F. below.

**2.23    "Preliminary Approval Order"**

"Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the settlement, preliminarily certifying the Settlement Class and (among other things) directing that Notice be given to the persons on the Class List, which Preliminary Approval Order shall be materially similar in substance to Exhibit A attached hereto.

**2.24    "Proof of Expense"**

"Proof of Expense" shall mean an original invoice, legible photocopy thereof, or other record, or some combination thereof, identifying the reimbursable expenses paid by the Settlement Class Member.  Sufficient proof shall consist of one or more contemporaneous writings, including but not limited to third-party receipts, invoices, and repair orders or bills, which, either individually or collectively, prove the existence of out-of-pocket costs and the amount of the expense.

**2.25    "Recital"**

"Recital" means each statement of the facts and/or procedural history in Section I of this Settlement Agreement.  The Parties acknowledge and agree the Recitals enumerate important facts and procedural history, are true and accurate, and are hereby made a part of this Settlement Agreement as though fully set forth herein.

**2.26    "Released Claims"**

"Released Claims" means any and all claims, actions, causes of action, counterclaims, demands, actions, suits, allegations of wrongdoing, liabilities, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, breach of express or implied warranty, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, as or as could have been asserted in the Litigation, suspected or unsuspected, contingent or matured, under federal law, state law, common law, equity, or local law, against LeafFilter and all of the Releasees, which the Named Plaintiffs and/or any Settlement Class Member had, have, or may in the future have, with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences that relate to or arise out of the LeafFilter Gutter System and that share a factual predicate with the allegations or claims pled in the Complaint. The Released Claims specifically include claims for property damage caused by the LeafFilter system that are known or should be known to the Named Plaintiffs and Settlement Class on the Notice Date; but do not include any property damage claims arising

from the LeafFilter system that Named Plaintiffs and the Settlement Class do not know of, and should not know of, at the Notice Date. Nor do the Released Claims include claims for personal injuries or wrongful death caused by the LeafFilter system.

### 2.27 "Releasees"

"Releasees" shall mean LeafFilter North, LLC, its parent, subsidiaries, affiliates and related entities, and all of their respective past and present directors, officers, employees, independent contractors, partners, principals, agents, and each of their respective predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, authorized dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries.

### 2.28 "Service Awards"

"Service Awards" shall mean monetary awards to compensate the Named Plaintiffs for efforts undertaken by them on behalf of the Settlement Class.

### 2.29 "Settlement Administrator"

"Settlement Administrator" shall mean KCC.

### 2.30 "Settlement Class Member"

"Settlement Class Members" are Named Plaintiffs and all LeafFilter customers in the United States who appear in LeafFilter's customer care database with a Debris-Related Final Issue Code for their service request between January 1, 2016 through the date that this Settlement Agreement is fully executed. Settlement Class Members do not include Opt-Outs.

### 2.31 "Settlement Website"

"Settlement Website" shall mean the website created and maintained by the Settlement Administrator which will contain, among other things, the Notice and Claim Forms, and

documents and important dates related to the settlement.

**2.32 "Voucher"**

"Voucher" shall mean a document generated by LeafFilter that entitles the bearer to a future Debris Removal Cleaning at no cost.

## III.    SETTLEMENT CLASS

3.1    The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows: all LeafFilter customers in the United States who appear in LeafFilter's customer care database with a Debris-Related Final Issue Code for their service request. The Class Period shall mean the time period from January 1, 2016 through the date that the Settlement Agreement is fully executed. There are an estimated 59,376 LeafFilter customers who appear in LeafFilter's customer care database with a Debris-Related Final Issue Code.

3.2    Excluded from the stipulated Settlement Class are: (1) LeafFilter; (2) any affiliate, parent, or subsidiary of LeafFilter; (3) any entity in which LeafFilter has a controlling interest; (4) any officer, director, or employee of LeafFilter; (5) any successor or assign of LeafFilter; (6) any Judge to whom the Litigation is assigned; (7) any person who has resolved or otherwise released their claims as of the date of the settlement; and (8) any Settlement Class Member who opts-out of the settlement.

3.3    Solely for purposes of implementing this Settlement Agreement and effectuating the settlement, LeafFilter stipulates to the Court entering preliminary and final orders approving the settlement, certifying the Settlement Class, appointing Named Plaintiffs as representatives of the Settlement Class, and appointing Named Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class.   Solely for the purpose of implementing this Settlement Agreement and

effectuating the settlement, the Parties stipulate that KCC will be appointed as Settlement Administrator, subject to the approval of the Court.

3.4     Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, LeafFilter stipulates that Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

## IV.     SETTLEMENT CONSIDERATION

4.1     In exchange for the dismissal of the Litigation, with prejudice, and the Released Claims as provided herein, LeafFilter agrees to provide the following consideration to the Settlement Class. A Settlement Class Member can select one (1) of the following forms of relief by filing a Claim:

### A. Benefit 1

a. Reimbursement for up to two Debris Removal Cleanings of a LeafFilter Gutter System. The maximum amount of each individual reimbursement is not to exceed $100, and the total amount of reimbursement shall not exceed $200. Should a Settlement Class Member submit a valid Claim with Proof of Expense for an individual Debris Removal Cleaning that exceeds $100, the Settlement Class Member shall receive $100. Should a Settlement Class Member submit a valid Claim with Proof of Expense for an individual Debris Removal Cleaning that is less than $100, the Settlement Class Member shall receive the amount shown in the Proof of Expense.

b. Claims for reimbursement shall be supported by Proof of Expense demonstrating that the Settlement Class Member paid out of pocket money to specifically remove Debris Accumulation prior to the date the Settlement Agreement is fully executed. Fees for other work shall not be reimbursed.

c. Claims for reimbursement must be submitted no later than one hundred and twenty (120) days after the Notice Date.

d. As part of completing the Claim Form, Settlement Class Members must certify that their LeafFilter system experienced Debris Accumulation.

### B. Benefit 2

a. Reimbursement for one Debris Removal Cleaning of a LeafFilter Gutter System, and Vouchers for two future LeafFilter system Debris Removal Cleanings. The

maximum amount of such reimbursement is not to exceed $100. Should a Settlement Class Member submit a valid Claim with Proof of Expense for a Debris Removal Cleaning that exceeds $100, the Settlement Class Member shall receive $100. Should a Settlement Class Member submit a valid Claim with Proof of Expense for a Debris Removal Cleaning that is less than $100, the Settlement Class Member shall receive the amount shown in the Proof of Expense.

b. Claims for reimbursement shall be supported by Proof of Expense demonstrating that the Settlement Class Member paid out of pocket money to specifically remove Debris Accumulation prior to the date the Settlement Agreement is fully executed. Fees for other work shall not be reimbursed.

c. Claims for reimbursement must be submitted no later than one hundred and twenty (120) days after the Notice Date.

d. As part of completing the Claim Form, Settlement Class Members must certify that their LeafFilter Gutter System experienced Debris Accumulation. Settlement Class Members may additionally submit photographic evidence that their LeafFilter Gutter System experienced Debris Accumulation.

e. The Voucher cleanings are to be performed by LeafFilter or its agents and shall be performed within thirty (30) days of request by Settlement Class Member. If LeafFilter is unable to perform the cleaning within thirty (30) days, then the Settlement Class Member can then schedule his or her own contractor to perform the cleaning and LeafFilter will reimburse the Settlement Class Member for the full amount of the cleaning, up to a maximum of $100 per cleaning, no later than 14 days after receipt by LeafFilter of the invoice from the Settlement Class Member.

f. Vouchers shall be fully transferrable.

## C. Benefit 3

a. Vouchers for three future LeafFilter Gutter System Debris Removal Cleanings.

b. As part of completing the Claim Form, Settlement Class Members must certify that their LeafFilter Gutter System experienced Debris Accumulation. Settlement Class Members may additionally submit photographic evidence that their LeafFilter Gutter System experienced Debris Accumulation.

c. The Voucher cleanings are to be performed by LeafFilter or its agents and shall be performed within thirty (30) days of request by Settlement Class Member. If LeafFilter is unable to perform the cleaning within thirty (30) days, then the Settlement Class Member can then schedule his or her own contractor to perform the cleaning and LeafFilter will reimburse the Settlement Class Member for the full amount of the cleaning, up to a maximum of $100 per cleaning, no later than 14 days after receipt by LeafFilter of the invoice from the Settlement Class Member.

    d.  Claims for reimbursement must be submitted no later than one hundred and twenty (120) days after the Notice Date.

    e.  Vouchers shall be fully transferrable.

**D.  Benefit 4**

    a.  Reimbursement of up to $200 for costs related to the removal of the LeafFilter Gutter System from their home because of Debris Accumulation problems.

    b.  Claims for reimbursement shall be supported by Proof of Expense demonstrating that the Settlement Class Member paid out of pocket money to remove the LeafFilter Gutter System.

    c.  Claims for reimbursement must be submitted no later than one hundred twenty (120) days after the Notice Date.

    d.  As part of completing the Claim Form, Settlement Class Members must certify that their LeafFilter Gutter System experienced Debris Accumulation and that the system was removed for that reason.

**E.  Rules Applicable To The Benefit**

4.2    Settlement Class Members can receive a maximum of one Benefit per LeafFilter Gutter System.

4.3    Warranties for all Settlement Class Members selecting Benefit 4 are voided and canceled.

4.4    If a Settlement Class Member attempts to submit a request for Benefit 1 but only submits one valid Proof of Expense for Debris Removal Cleaning after exhaustion of all procedures set forth in V.D. below, the Settlement Class Member shall be treated as if they submitted a request for Benefit 2.

4.5    If a Settlement Class Member attempts to submit a request for Benefit 1 or 2 but does not submit valid Proof of Expense for a Debris Removal Cleaning after exhaustion of all procedures set forth in V.D. below, the Settlement Class Member shall be treated as if they submitted a request for Benefit 3

- 14 -

## V.     SETTLEMENT ADMINISTRATION

### A.  Costs of Administration and Notice

5.1     The Parties agree that KCC shall serve as Settlement Administrator, subject to the approval of the Court and with the input of Counsel for the Parties, to administer specific components of the settlement, including providing Notice, processing Claim Forms, issuing the Benefit to Settlement Class Members, and creating and maintaining the Settlement Website.

5.2     LeafFilter shall be responsible for all costs of Notice and settlement administration. Named Plaintiffs, Settlement Class Members, and Class Counsel shall not be responsible for any costs associated with Notice or settlement administration.

### B.  Notice Plan and Settlement Website; CAFA Notice

5.3     The Settlement Administrator will be responsible for implementing the Notice Plan, creating and maintaining the Settlement Website, and providing the CAFA Notice.

5.4     The Settlement Administrator shall be responsible for providing notice substantially similar to the Notice attached as Exhibit B and Claim Form attached as Exhibit C to the persons on the Class List (which shall be run through the National Change of Address database to update addresses before the Notice is sent) and shall undertake various administrative tasks, including without limitation: (1) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Forms from the information compiled from the Class List to each person on the Class List; (2) emailing to each person on the Class List the Notice and Claim Forms if email addresses are available; (3) developing processes and procedures for handling deficient Claim Forms and returned mail; (4) providing to Class Counsel and LeafFilter Counsel within five (5) days of receipt copies of any objections, notices of intention to appear at the Final Approval Hearing and requests for exclusion from the Settlement Class; (5) preparing an Opt-Out list of the Settlement Class Members requesting exclusion and submitting an affidavit to the Court before

the Final Approval Hearing attesting to the accuracy of that list; (6) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit to the Court attesting to the accuracy of that list; (7) maintaining a mailing address to which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; (8) processing Claim Forms submitted and providing the Benefits to Settlement Class Members as applicable; and (9) creation and maintenance of the Settlement Website.

5.5     Among other things, the Notice will explain the alleged issues with the LeafFilter Gutter System that are the subject of the Litigation, the benefits of the settlement and how to obtain such benefits, and direct Settlement Class Members to the Settlement Website for more information.  The Notice will also contain a unique claim number or identification for purposes of accessing or submitting claims via the Settlement Website, as explained below.   The Notice will also contain a statement, in a separate highlighted box, advising Settlement Class Members who know or have reason to suspect that they have sustained significant property damage caused by the LeafFilter system to strongly consider opting-out of the Settlement Class to preserve their rights to bring an individual lawsuit against LeafFilter.

5.6     If Notice to a Settlement Class Member is returned undelivered and a forwarding address is provided, the Settlement Administrator will re-send the Notice to that Settlement Class Member one additional time at the new address.  For Notice sent via email and for which the Settlement Administrator receives a bounceback, unless the bounceback provides an updated email address, the Settlement Administrator shall take not make any additional attempts to provide Notice via email to that Settlement Class Member.

5.7     The Settlement Administrator will establish and maintain the Settlement Website that will make available for download documents relating to the settlement (including the Notices

and Claim Forms). The Settlement Administrator shall also establish the Settlement Website so that Settlement Class Members can submit claims electronically. Within fourteen (14) days of the entry of the Preliminary Approval Order, the Settlement Administrator will post the required documents on the Settlement Website. All claims submitted through the Settlement Website must include the unique claim number or identification. Submissions missing the unique claim number or identification shall not be accepted or processed and shall be treated as a denial for purposes of Section 5.14. Notwithstanding the above, anyone who believes they are part of the Settlement Class who did not receive a Notice may contact the Settlement Administrator to obtain a Notice with a unique claim number or identification using a process as determined by the Class Counsel, LeafFilter's Counsel, and Settlement Administrator.

5.8    During the Claims Period, the Settlement Administrator will post on the Settlement Website a toll-free telephone number that will be staffed during normal business hours with live operators who can answer questions about and provide information to Settlement Class Members regarding the settlement as well as provide the Notice and Claim Form to any Settlement Class Member upon request.

5.9    The Settlement Administrator will provide available information to Class Counsel and LeafFilter's Counsel on a weekly basis, or more frequently as reasonably requested, as to the number of Claims submitted and the Benefit type(s) of the claims. The Settlement Administrator will provide information regarding Claims decisions made by the Settlement Administrator on a monthly basis so that Class Counsel and LeafFilter's Counsel may monitor and/or audit the claims process.

5.10    In compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, LeafFilter shall cause notice of this proposed settlement

to be sent to the Attorney General of the United States, and the attorneys general of each state in which a Settlement Class Member resides ("CAFA Notice").

5.11    Fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide to the Parties, for submission to the Court, a declaration stating that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

### C.  Claim Procedure

5.12    Settlement Class Members who believe they are eligible for a Benefit under the Settlement Agreement must send the Settlement Administrator a completed copy of the Claim Form, postmarked during the Claims Period or submit their claim electronically through the Settlement Website during the Claims Period.

### D.  Claims Processing

5.13    Within a reasonable time of receiving a Claim Form and any accompanying documentation, the Settlement Administrator will review the documentation and either confirm or deny the Settlement Class Member's eligibility for a Benefit.

5.14    If the determination is to deny a Claim, the Settlement Administrator will send, within fourteen (14) days after determination of denial, notice of the denial to the Settlement Class Member.  Such notice will set forth the reason(s) for the denial and provide notice of the claimant's right to contest the denial and request reconsideration and/or to attempt to cure any defect within the later of fourteen (14) days or the remaining Claims Period.  On a monthly basis after the Effective Date until all Claims have been processed, the Settlement Administrator will provide to Class Counsel and LeafFilter's Counsel a list of all Claims that have been denied, the basis for the denial, along with the Claim Forms and supporting documentation and other relevant information relating to the denial.

5.15    Claims that do not meet the requirements set forth in the Settlement Agreement shall be denied.  Grounds for rejection include, but are not limited to, failure to provide Proof of Expense or any other required information, untimely submission of the Claim Form, or submission of ineligible expenses.  However, notwithstanding the above, if the Settlement Administrator determines the Claim submitted by the Settlement Class Member would be valid for a Benefit other than the one sought by the Settlement Class Member, the Settlement Administrator may award the Settlement Class Member that Benefit as set forth in Sections 4.4 and 4.5.

5.16    A Settlement Class Member whose Claim has been denied may attempt to cure the deficiency or contest the decision denying the Claim by mailing to the Settlement Administrator at the mailing address for the administration of this Settlement, written notice containing information to attempt to cure any claim deficiencies or a statement of reasons the Settlement Class Member contests the denial, along with any additional supporting documentation (the "Contest Notice").  Any Contest Notice must be postmarked within fourteen (14) days after the date of mailing by the Settlement Administrator of the notice of the denial of the Claim.  The Contest Notice procedures shall be posted on the Settlement Website and shall also be provided in writing to any Settlement Class Member whose Claim is denied.  The Settlement Administrator shall provide Class Counsel and LeafFilter's Counsel with a copy of each Contest Notice received no later than fourteen (14) days after receipt.

5.17    Within thirty (30) days after the Settlement Class Member mails the Contest Notice, the Settlement Administrator shall consider the claimant's request for reconsideration and any materials submitted by the Settlement Class Member in support thereof, and mail to the Settlement Class Member a final determination of the Claim.

5.18    By no later than sixty (60) days after the Effective Date, the Settlement Administrator will provide to Settlement Class Members who timely filed valid Claims the Benefit to which they are entitled under the settlement.

5.19    If this settlement never becomes Final for any reason, no relief, Benefit, or reimbursement of any kind shall be made to anyone pursuant to the Settlement Agreement.

### E.  Objections

5.20    The Parties agree to ask the Court to require any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the settlement to file any objection via the Court's electronic filing system (if represented by counsel) or to send the objection to LeafFilter's Counsel and Class Counsel via first-class mail. Objections must be filed electronically or postmarked no later than a date to be set by the Court, which date the Parties shall ask the Court to set forty-five (45) days after the Notice Date. Any objecting Settlement Class Member must:

(a)    Set forth his, her, or its full name, current address, and telephone number;

(b)    Identify the date of purchase for his, her, or its LeafFilter Gutter System;

(c)    State that the objector has reviewed the Settlement Class definition and understands that he, she, or it is a Settlement Class Member;

(d)    A written statement of the objection(s) which must include a statement as to whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention;

(e)    Provide copies of any documents the objector wants the Court to consider

(f)    Identify his, her, or its counsel, if any; and

- 20 -

(g)     A statement as to whether the Settlement Class Member intends to appear at the final approval hearing.

5.21     In addition, any Settlement Class Member objecting to the settlement shall file a sworn declaration listing all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any court in the United States in the previous five (5) years.  If the Settlement Class Member or his, her, or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she, or it shall affirmatively so state in the objection.

5.22     An objection must be filed with the Court if the objector is represented by counsel, or if not represented by counsel, must be sent to the Settlement Administrator via first-class mail, postage prepaid, and must also be served by first-class mail, postage prepaid, upon both of the following:

<u>LeafFilter's Counsel at</u>:

Gregory J. Phillips
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH  44114-2378

<u>Class Counsel at</u>:

Brian W. Warwick
Varnell & Warwick, P.A.
1101 E. Cumberland Ave,
Suite 201H, #105
Tampa, FL 33602

5.23     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to argue why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Class Counsel Fees and Expenses Award and/or Services Awards.  Any such objecting

Settlement Class Member—if they intend to appear at the hearing, with or without counsel—must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Final Approval Hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, will be deemed to have waived any right to appear in person or by counsel at the Final Approval Hearing.  Any Settlement Class Member who does not file an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, will be deemed to have waived any objections to the settlement, subject to the discretion of the Court.

5.24    The submission of an objection allows Class Counsel and/or LeafFilter's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection.  Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**F.  Requests for Exclusion**

5.25    Settlement Class Members may exclude themselves from the settlement (*i.e.*, "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A Settlement Class Member wishing to exclude himself, herself or itself must send the Settlement Administrator an email on or before, or a letter postmarked by, a date to be set by the Court, which date the

Parties shall request the Court set forty-five (45) days after the Notice Date, containing: (1) the Settlement Class Member's name, current address, and telephone number; and (2) a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the settlement. So-called "mass" or "class" exclusion requests or objections shall not be permitted. Any request for exclusion must be emailed or postmarked on or before the deadline provided in the Notice. Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by the Settlement Agreement. Class Counsel will confirm the participation of the Named Plaintiffs in the settlement in advance of execution of the Settlement Agreement.

5.26 Any Settlement Class Member who submits a request for exclusion with a timely postmark has no standing to object to the settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. If a Settlement Class Member files a Claim Form and also requests exclusion from the settlement, then the Settlement Class Member will remain in the Settlement Class and the request for exclusion will be deemed void.

5.27 Not later than fourteen (14) days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide Class Counsel, and LeafFilter's Counsel, for submission to the Court, a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests, and a declaration attesting to the completeness and accuracy thereof.

## VI. SETTLEMENT APPROVAL PROCESS

### A. Preliminary Approval of Settlement

6.1     Promptly after the execution of this Settlement Agreement, Named Plaintiffs shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order, which shall be without material alteration from Exhibit A attached hereto.

**B.  Final Order and Judgment**

6.2     If this Settlement Agreement is preliminarily approved by the Court, Named Plaintiffs shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b).

**C.  Class Counsel's Fees and Expenses Award and Named Plaintiffs' Service Awards**

6.3     LeafFilter agrees to pay reasonable attorneys' fees and expense reimbursement to Class Counsel and reasonable service awards to the Named Plaintiffs, as approved by the Court, and as consistent with the provisions of this Settlement Agreement.  Class Counsel and Named Plaintiffs agree to request an aggregate award of attorneys' fees and expenses not to exceed $1,775,000.  Named Plaintiffs agree to request individual Class Representative Service Awards not to exceed $3,500 (total per owner(s) of a LeafFilter Gutter System).

6.4     Class Counsel will apply to the Court for the total amount of Class Counsel Fees and Expenses Award and Service Awards prior to the submission of their motion in support of the Final Order and Judgment and at least fourteen (14) days prior to the deadline for Settlement Class Members to object.  In no event will LeafFilter pay Class Counsel Fees and Expenses or Service Awards approved by the Court (a) prior to the Effective Date; and/or (b) prior to the date that the order(s) awarding the Class Counsel Fees and Expenses and/or Service Awards become Final, whichever is later.

6.5     The Class Counsel Fees and Expenses Award and Service Awards will be paid separate and apart from any relief provided to the Settlement Class pursuant to this Settlement

Agreement. Within fourteen (14) days after the Effective Date, provided that the order(s) awarding Class Counsel Fees and Expenses and/or Service Awards have become Final, and provided that Class Counsel has provided LeafFilter with requisite W-9s and completed wire transfer forms, LeafFilter shall pay, by wire transfer to the "Varnell & Warwick, P.A. Trust Account" ("Class Counsel Payee"), the Class Counsel Fees and Expenses and Service Awards.

6.6     Any order or proceedings relating to the Class Counsel Fees and Expenses Award and/or Service Awards, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or effect or delay the Effective Date of this Settlement Agreement as it relates to benefits conferred to Settlement Class Members, provided that the Settlement Agreement is otherwise in all respects Final, except as otherwise set forth herein.

6.7     Class Counsel agree that upon payment by LeafFilter of the Class Counsel Fees and Expenses Award and Service Awards as approved by the Court, pursuant to wire transfer information provided by Class Counsel, LeafFilter's obligations to Class Counsel and Named Plaintiffs for Class Counsel Fees and Expenses Award and Service Awards shall be fully satisfied and discharged.

## VII.     RELEASE BY NAMED PLAINTIFFS AND SETTLEMENT CLASS MEMBERS

7.1     Upon the Effective Date, the Litigation shall be dismissed with prejudice and all Released Claims of Named Plaintiffs and the Settlement Class shall be released, and the Named Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and forever discharged the Releasees from all Released Claims.

7.2     Upon the Effective Date, no default by any person in the performance of any

covenant or obligation under this settlement or any order entered in connection therewith shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Order and Judgment, the foregoing releases, or any other provision of the Final Order and Judgment; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

## VIII. MISCELLANEOUS PROVISIONS

### A. Best Efforts

8.1     Named Plaintiffs, LeafFilter, and Class Counsel agree to use their best efforts to obtain Court approval of this settlement, subject to LeafFilter's rights to terminate this settlement as provided herein.

### B. Effect of Exhibits

8.2     The exhibits to this Settlement Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Settlement Agreement.

### C. Not Evidence

8.3     This settlement, whether or not it shall become Final, and any and all negotiations, communications, and discussions associated with it, shall not be:

(a)     Offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiffs, of the validity of any Released Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing on the part of Named

Plaintiffs, LeafFilter or any Releasee;

(b) Offered or received by or against Named Plaintiffs or LeafFilter as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule or regulation or of any liability or wrongdoing by LeafFilter or any Releasee or of the truth of any of the Released Claims, and evidence thereof shall not be used directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and Final Order and Judgment including, without limitation, asserting as a defense the release and waivers provided herein;

(c) Offered or received by or against Named Plaintiffs, LeafFilter, or any Releasee as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault or wrongdoing; or in any way referred to for any other reason against LeafFilter or any Releasee, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the terms of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then Named Plaintiffs or LeafFilter may refer to it to enforce their rights hereunder; or

(d) Construed as an admission or concession by Named Plaintiffs, the Settlement Class, LeafFilter, or any Releasee that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

(e) These prohibitions on the use of this settlement shall extend to, but are not limited to, any Settlement Class Member who opts-out of the settlement pursuant to Section

V.F. above.

**D. Entire Agreement**

8.4     This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

**E. Arm's-Length Negotiations and Good Faith**

8.5     The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length, including with the assistance and involvement of a neutral mediator. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement. The Parties agree to act in good faith during the settlement administration process.

**F. Confirmatory Discovery**

8.6     LeafFilter will provide confirmatory discovery to Class Counsel sufficient to show that Settlement Class Members appear in LeafFilter's customer care database with a Debris-Related Final Issue Code.

**G. Continuing Jurisdiction**

8.7     The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

### H.  Binding Effect of Settlement Agreement

8.8     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

### I.  Governing Law

8.9     The Settlement Agreement will be construed and enforced in accordance with, and governed by, the substantive laws of Ohio, without giving effect to that state's choice-of-law principles.  However, the Parties acknowledge that federal law (including Fed. R. Civ. P. 23 and federal case law) applies to consideration and approval of the settlement, certification of the Settlement Class, and all related issues such as any petition for Class Counsel Fees and Expenses Award and Service Awards.

### J.  Construction of Settlement Agreement Terms

8.10    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after arm's length negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions. The language in all parts of the Settlement Agreement

will be interpreted according to its fair meaning and will not be interpreted for or against any of the Parties as the drafter.

### K. Confidentiality Agreements

8.11    Class Counsel agree to return or destroy all information and materials obtained from LeafFilter and any Releasee or third party in connection with the Litigation and the settlement that LeafFilter the Releasee or third party has in good faith designated to be confidential, including any copies made thereof, within thirty (30) days after the Effective Date and to retain no copies thereof, other than documents filed in Court. All agreements made and orders entered during the Litigation relating to the confidentiality of information will survive the Settlement Agreement.

### L. Extensions of Time

8.12    The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice (subject to Court approval as to Court dates).

### M. Authority to Execute Settlement Agreement

8.13    The individual signing this Settlement Agreement on behalf of LeafFilter represents that he or she is fully authorized to enter into, and to execute, this Settlement Agreement on LeafFilter's behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for LeafFilter on behalf of the Named Plaintiffs, and expressly to enter into, and to execute, this Settlement Agreement on behalf of each of the Named Plaintiffs and the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

### N. Further Authority

8.14    Class Counsel, on behalf of the Named Plaintiffs and the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the

Settlement Class pursuant to this settlement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class which they deem appropriate.  Class Counsel represents and warrants it has authority to execute this Settlement Agreement on behalf of every Named Plaintiff as if each Named Plaintiff individually had signed this Settlement Agreement him or herself.

## O. Termination

8.15    LeafFilter has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this settlement to the Named Plaintiffs or to the Settlement Class Members, if any of the following conditions subsequent occurs:

(a)    The Court fails to enter the [Proposed] Preliminary Order in a form materially consistent with Exhibit A to this Settlement Agreement;

(b)    The Parties fail to obtain and maintain preliminary approval of the proposed settlement;

(c)    The Court requires a notice program in any form materially different from the Notice Plan specifically set forth in Section V and attached Exhibit B;

(d)    The Court fails to enter a Final Judgment materially consistent with the provisions in Section VI and the provisions of this Settlement Agreement;

(e)    The Settlement does not become Final for any reason; or

(f)    The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement.

8.16    In the event that the above right to cancel or terminate is exercised, then LeafFilter shall have no further obligations under this Settlement Agreement to Settlement Class Members

or Named Plaintiffs and shall have the right to terminate the entire settlement and declare it null and void.

8.17    The failure of the Court or any appellate court to approve in full the request by Class Counsel for Class Counsel Fees and Expenses Award and Services Awards shall not be grounds for Named Plaintiffs, the Settlement Class, or Class Counsel to terminate or cancel the Settlement Agreement or proposed settlement.

8.18    If the Settlement is not finally approved, is not upheld on appeal, or otherwise does not become Final or any reason, then the Settlement Class shall be decertified, the settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural posture as if the settlement had never been negotiated, made, or filed with the Court.

## P.  Full and Final Agreement

8.19    The Settlement Agreement constitutes the entire agreement among the Parties and no other representations, warranties, or inducements have been made to any party concerning the Settlement Agreement.

8.20    The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Parties agree that the terms of the settlement reflect a good faith settlement of the Claims asserted by Named Plaintiffs and the Settlement Class reached voluntarily after consultation with experienced legal counsel. The Parties

deem this settlement to be fair and reasonable and have arrived at this settlement in arms-length negotiations taking all relevant factors, present or potential, into account.

**Q. Headings**

8.21    The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

**R. Severability**

8.22    In the event that any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this settlement shall continue in full force and effect without said provision to the extent LeafFilter does not execute its right to terminate under Section VII.O.

**S. Notices**

8.23    All notices or formal communications under this Settlement Agreement shall be in writing and shall be given by electronic mail and (i) hand delivery; (ii) registered or certified mail, return receipt requested, postage prepaid; or (iii) overnight courier to counsel for the Party to whom the notice is directed at the following addresses:

For Named Plaintiffs and the Settlement Class:

<u>Plaintiffs and Settlement Class Counsel at:</u>

Brian W. Warwick
Varnell & Warwick, P.A.
1101 E. Cumberland Ave,
Suite 201H, #105
Tampa, FL 33602

For LeafFilter:

<u>LeafFilter's Counsel at:</u>

Gregory J. Phillips
Benesch, Friedlander, Coplan & Aronoff LLP

200 Public Square, Suite 2300
Cleveland, OH 44114-2378

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

### T. Cost and Expenses.

8.24    Except as provided in this Settlement Agreement regarding (1) the payment of the Settlement Administrator; and (2) the Class Counsel Fees and Expenses Award and Service Awards (subject to approval of the Court); each of the Named Plaintiffs, Class Counsel, and LeafFilter shall be responsible for his, her, or its own costs and expenses.

### U. Taxes

8.25    Named Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to this settlement.

### V. Communications

8.26    LeafFilter reserves the right to communicate with its customers, business contacts, and members of public, including Settlement Class Members, in the ordinary course of business. Class Counsel and Named Plaintiffs hereby agree not to engage in any communications with the media, the press, on the internet, or in any public forum, either orally or in writing, that undermine or contradict the settlement or any of its terms, and further agree not to encourage or otherwise facilitate any objections to or exclusions from this Settlement Agreement. However, nothing herein shall prevent Class Counsel from answering questions from Settlement Class Members regarding their rights under Settlement Agreement, including the right to object or opt-out.

### W.    Counterparts

8.27    This Settlement Agreement may be executed in one or more counterparts and the execution in counterparts shall have the same effect as if all Parties had signed the same instrument.

Facsimile and scanned signatures shall be considered as valid signatures as of the date signed.

IN WITNESS WHEREOF, the Parties hereby execute, and cause this Settlement Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

Dated: June 24, 2022

On behalf of Class Counsel and each Named Plaintiff:

By:_____

Brian W. Warwick (admitted pro hac vice)
Janet Varnell (admitted pro hac vice)
Varnell & Warwick, P.A.
1101 E. Cumberland Ave,
Suite 201H, #105
Tampa, FL 33602
Telephone: (352) 753-8600
*BWarwick@VandWlaw.com*
*JVarnell@VandWlaw.com*

Jeffrey S. Goldenberg (0063771)
Todd Naylor (0068388)
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8291
Facsimile:  (513) 345-8294
*jgoldenberg@gs-legal.com*
*tnaylor@gs-legal.com*

*Attorneys for Plaintiffs and the Settlement Class*

Dated:  June 24, 2022

LeafFilter North, LLC.

By:  *Robert C. Psaropoulos*
                                                    

Its:   Chief Legal Officer

Dated: June 24, 2022

Approved as to form by:

By: _____

Gregory J. Phillips (0077601)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH  44114-2378
Direct:  216.363.4472 | Fax:  216.363.4588
gphillips@beneschlaw.com

Trevor Covey (0085323)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH  44114-2378
Direct:  216.363.4597 | Fax:  216.363.4588
tcovery@beneschlaw.com

Michael B. Silverstein (0098036)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
41 South High Street, Suite 2600
Columbus, OH 43215 6164
Direct: 614.223.9362 | Fax:  614.223.9330
msilverstein@beneschlaw.com

*Attorneys for Defendant*
*LeafFilter North, LLC.*