UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Zilinsky, *individually and on behalf of all others similarly situated, et al.*,

    Plaintiffs,

v.

LeafFilter North, LLC,

    Defendant.

Case No. 2:20-cv-6229

Judge Michael H. Watson

Magistrate Judge Jolson

## PRELIMINARY APPROVAL ORDER

The parties to the above-captioned litigation (the "Litigation") have entered into a Class Action Settlement Agreement and Release, together with exhibits (collectively, the "Settlement Agreement"), that sets forth the terms and conditions for a proposed settlement, which if approved by the Court, would fully and finally resolve this proposed class action. The Settlement Agreement was submitted to this Court on June 24, 2022. ECF No. 54. Unless otherwise defined herein, terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, which is incorporated herein by reference.

James Zilinsky, Geraldine Zilinsky, Cory Simpson, Brian Dering, Theresa Dering, Meagan McGinley, Sandy Armstrong, Sandra GarrettDorsey, and Alan Armstrong (collectively, "Named Plaintiffs"), individually and on behalf of all members of the Proposed Class, move for

preliminary approval of the Settlement Agreement and for an order directing dissemination of class notice, which Defendant LeafFilter North, LLC., ("LeafFilter) does not oppose.

The Court has read and considered the Settlement Agreement, including the Notice and Claim Form, has considered the submissions in support of the preliminary approval motion, and has considered the pleadings and other papers on file in this action. The Court finds there is sufficient basis for: (1) granting preliminary approval of the Settlement Agreement; (2) preliminarily certifying a class for settlement purposes; (3) appointing Named Plaintiffs as "Settlement Class Representatives" and their counsel as Class Counsel for the Settlement Class; (4) directing that Notice be disseminated to the Settlement Class Members; and (5) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the proposed settlement and Settlement Agreement.

The Court now **GRANTS** the motion for preliminary approval and makes the following findings and orders:

1. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(A) that the Parties have provided sufficient information for it to be able to determine whether to give notice of the settlement to the Settlement Class.

2. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under

Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement Agreement. Specifically, the Court preliminarily finds: that the Named Plaintiffs and their counsel have adequately represented the putative Settlement Class, that the settlement negotiations were conducted at arm's length and were supervised by a well-respected mediator, that the Settlement Agreement treats class members equitably relative to each other, and that the relief offered by the Settlement Agreement appears to be adequate, taking into account:

    (a)    the costs, risks, and delay of trial and appeal;

    (b)    the effectiveness of any proposed method of distributing relief to the class; including the method of processing class-member claims;

    (c)    the terms of any proposed award of attorney's fees, including timing of payment; and

    (d)    any agreement required to be identified under Rule 23(e)(3).

3. The Court further finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii) that it will likely be able to certify the Settlement Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons:

    (a)    The Settlement Class is ascertainable, as the class definition is based on objective criteria found in LeafFilter's customer database;

    (b)    The Settlement Class is sufficiently numerous—approximately 60,000 members—to satisfy Fed. R. Civ. P. 23(a)(1);

    (c)    The Settlement Class shares an overriding common question sufficient to satisfy Fed. R. Civ. P. 23(a)(2) regarding whether the LeafFilter Gutter

System allows for debris accumulation which may require periodic cleaning, allegedly contrary to the manner in which it was promoted and sold;

(d) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because the Named Plaintiffs' claims are typical of the Settlement Class Members they seek to represent;

(e) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because the Named Plaintiffs are adequate representatives of the Settlement Class, and Named Plaintiffs' counsel has the qualifications and experience necessary to serve as Class Counsel on behalf of the Settlement Class; and

(f) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a predominant common question in this litigation is whether the LeafFilter Gutter System allows for debris accumulation in a manner contrary to which it was promoted and sold, and that question can be resolved on a class-wide basis. Further, the class action device is superior to other methods of resolving the issues in this litigation, including thousands of individual lawsuits.

4. Therefore, pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, a Settlement Class defined as follows:

> All LeafFilter customers in the United States who appear in LeafFilter's customer care database with a Debris-Related Final Issue Code for their service request during the time period from January 1, 2016 through June 24, 2022.

Excluded from the Settlement Class are: (1) LeafFilter; (2) any affiliate, parent, or subsidiary of LeafFilter; (3) any entity in which LeafFilter has a controlling interest; (4) any officer, director, or employee of LeafFilter; (5) any successor or assign of LeafFilter; (6) any Judge to whom the Litigation is assigned; (7) any person who has resolved or otherwise released their claims as of the date of the settlement; and (8) any Settlement Class Member who opts-out of the settlement.

5. The preliminary certification of the Settlement Class and the Litigation as a class action is for settlement purposes only and shall be terminated and without further force or effect and without prejudice to either party in connection with any future proceedings in the Litigation, including any future motion with respect to class certification, if: (1) the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or substantially modified; or (2) a Final Approval Order and Judgment is not entered by the Court or is reversed or substantially modified on appeal or otherwise fails for any reason.

6. For settlement purposes only, the Court appoints as Settlement Class Representatives James Zilinsky, Geraldine Zilinsky, Cory Simpson, Meagan McGinley, Sandra GarrettDorsey, Brian Dering, Theresa Dering, Alan Armstrong, and Sandy Armstrong, and their counsel, Varnell & Warwick, P.A., and Goldenberg Schneider, LPA, as Class Counsel.

7. The Court directs pursuant to Fed. R. Civ. P. 23(e)(1)(B) that notice of the settlement be given to all Settlement Class Members.

8. Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, KCC shall be appointed as Settlement Administrator.

9. The Settlement Administrator shall administer this settlement in accordance with the Settlement Agreement and the Notice Plan therein, and this Order, and LeafFilter will bear all costs and expenses related to the administration of this settlement.

10. The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the Notice Plan set forth in the Settlement Agreement and this Order, and shall assist with various administrative tasks, including, without limitation: (1) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Form to each person on the Class List; (2) emailing to each person on the Class List the Notice and Claim Forms if email addresses are available; (3) developing processes and procedures for handling deficient Claim Forms and returned mail in accordance with the terms of the Settlement Agreement; (4) providing to Class Counsel and LeafFilter Counsel within five days of receipt copies of any objections, notices of intention to appear at the Final Approval Hearing, and requests for exclusion from the Settlement Class; (5) preparing an Opt-Out list of the Settlement Class Members requesting exclusion and submitting an affidavit to the Court before the Final

Approval Hearing attesting to the accuracy of that list; (6) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit to the Court attesting to the accuracy of that list; (7) maintaining a mailing address to which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; (8) processing Claim Forms submitted and providing the Benefits to Settlement Class Members as applicable; (9) creation and maintenance of the Settlement Website; and (10) causing notice of this proposed settlement to be sent to the Attorney General of the United States and the attorneys general of each state in which a Settlement Class Member resides pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 ("CAFA Notice").

11. The Court hereby approves the form of the Notice, without material alteration from Exhibit B annexed to the Settlement Agreement, and the procedure for disseminating Notice to the proposed Settlement Class as set forth in the Notice Plan. The Court finds that the Notice informs the Settlement Class Members of the material terms of the Settlement Agreement and their rights and responsibilities in connection with the settlement, and: (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement; (3) is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to

receive notice; and (4) meets all applicable requirements of Due Process and applicable law.

12. Pursuant to Rule 23(c)(2)(B) and Rule 23(e), the Court orders that the Settlement Administrator mail the Notice via postage prepaid first-class U.S. mail to the persons on the Class List and email the Notice to those persons for whom email addresses are available, and that such mailing and emailing be completed no later than sixty days after the entry of this Order. The Notice shall be accompanied by a Claim Form that does not materially differ from the form annexed as Exhibit C to the Settlement Agreement.

13. The Court further orders the posting of the Notice and Claim Form on the Settlement Website within fourteen days of the entry of this Order. The Court further orders the Settlement Administrator to file with the Court proof of mailing and emailing of the Notice and publication of the Notice and Claim Form on the Settlement Website at or before the Final Approval Hearing.

14. The Court orders each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the proposed settlement or to the Class Counsel Fees and Expenses Award to file any objection via the Court's electronic filing system (if represented by counsel) or mail the objection to the Settlement Administrator, and serve the objection upon Class Counsel and LeafFilter's Counsel at the addresses listed on the Notice, postmarked no later than forty-five days after the Notice Date

("Objection Deadline"). The statement of the objection signed by the Settlement Class Member must:

    (a)    Set forth his, her, or its full name, current address, and telephone number;

    (b)    Identify the date of purchase for his, her, or its LeafFilter Gutter System;

    (c)    State that the objector has reviewed the Settlement Class definition and understands that he, she, or it is a Settlement Class Member;

    (d)    Contain a written statement of the objection(s) which must include a statement as to whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention;

    (e)    Provide copies of any documents the objector wants the Court to consider;

    (f)    Identify his, her, or its counsel, if any; and

    (g)    State whether the Settlement Class Member intends to appear at the final approval hearing.

    15.    In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector and/or by the objector's counsel to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years. If the Settlement Class

Member or his, her, or its counsel has not objected to any other class action settlement in the previous five years, he, she, or it shall affirmatively so state in the objection.

16. No later than fourteen days after the deadline for submission of objections, the Settlement Administrator will submit to the Court all objections it received from Settlement Class Members.

17. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice (as applicable), will be deemed to have waived any objections to the settlement and may be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise, subject to the discretion of the Court.

18. The submission of an objection shall allow Class Counsel or LeafFilter's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection.

19. Settlement Class Members may exclude themselves from the settlement (*i.e.*, "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A Settlement Class Member wishing to exclude himself,

herself, or itself must send the Settlement Administrator an email or a letter postmarked no later than forty-five days after the Notice Date ("Opt-Out Deadline"), containing: (1) the Settlement Class Member's name, current address, and telephone number; and (2) a clear statement communicating that he, she, or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the settlement.

20. Any request for exclusion must be postmarked or emailed on or before the deadline provided in the Notice. Any member of the Settlement Class who does not submit a timely, written Opt-Out from the Settlement Class in accordance with the requirements set forth in the Notice will be bound by all proceedings, orders, and judgments in the Litigation.

21. No later than fourteen days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide Class Counsel and LeafFilter's Counsel, for submission to the Court, a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests and with a declaration attesting to the completeness and accuracy thereof.

22. The Court hereby directs the Settlement Administrator to establish a mailing address to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications.

23. The Court hereby approves the Claim Form, which is annexed as Exhibit C to the Settlement Agreement.

24. LeafFilter shall file proof of timely mailing of notices required pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). LeafFilter shall file any additional documents required by the statute (as applicable), evidencing continued compliance with CAFA in advance of the Final Approval Hearing.

25. Class Counsel shall file any memoranda or other materials in support of final approval of the Settlement Agreement and motion for entry of Final Approval Order and Judgment, including responses to any timely and properly filed objection to the Settlement Agreement, no later than twenty-eight days prior to the Final Approval Hearing. LeafFilter may file its response, if any, no later than twenty-one days prior to the Final Approval Hearing, and Class Counsel may file a reply, if any, no later than fourteen days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel, LeafFilter's Counsel, and on any Settlement Class Member (or his, her or its counsel, if represented) to whose objection to the Settlement Agreement, the memoranda, or other materials respond.

26. Class Counsel may apply to the Court for Class Counsel Fees and Expenses Award consistent with the Settlement Agreement no later than fourteen days prior to the Objection Deadline, and such application shall be posted on the Settlement Website upon its filing.

27. Class Counsel may also petition the Court for Named Plaintiff service awards consistent with the Settlement Agreement no later than fourteen days prior to the Objection Deadline. The purpose of such awards (if approved by the Court) shall be to compensate the Named Plaintiffs for their efforts undertaken for the benefit of the Settlement Class Members.

28. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1715(d), the Court sets **March 14, 2023, at 10:00 a.m.**, as the date and time of the Final Approval Hearing, at which the Court will determine: (1) whether the proposed settlement is fair, reasonable and adequate and should finally be approved by the Court; (2) whether to issue a Final Approval Order and Judgment; and (3) whether to approve Class Counsel Fees and Expenses Award, and/or service awards for the Named Plaintiffs. The Final Approval Hearing shall be held at the Joseph P. Kinneary U.S. Courthouse, Room 109, 85 Marconi Boulevard, Columbus, Ohio 43215.

29. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the Class Counsel and LeafFilter's Counsel without further notice.

30. Pending final determination of the application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

31. Finally, the Settlement Agreement reflects that the parties anticipate that they will be able to file at least one future document under seal. The parties are reminded that there is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Parties' mutual agreement on the confidential nature of a document is usually insufficient to overcome that presumption. *See, e.g., Atlas Indus. Contractors, L.L.C. v. In2gro Techs., LLC*, No. 2:19-CV-2705, 2020 WL 8675816, at *1 (S.D. Ohio July 29, 2020) ("The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal." (citing cases)). The parties are, therefore, encouraged to properly support any forthcoming motion to seal.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**